IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **REILLY TYLER RAMSEY** § <br> § <br> *Plaintiff,* § <br> § <br> vs. § <br> § <br> **MONTGOMERY COUNTY, TEXAS,** § <br> **DEPUTY JOSEPH O'NEIL; DEPUTY** § <br> **JUSTIN PIERCE; DEPUTY RYAN** § <br> **GRAVES; AND SERGEANT JOSHUA** § <br> **HILADO** § <br> *Defendants.* § | **CIVIL ACTION NO. 4:25-cv-3019** |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN
## UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:**

COME NOW, Plaintiff Reilly Tyler Ramsey and Defendants' Montgomery County, Texas, Deputy Joseph O'Neil; Deputy Justin Pierce; Deputy Ryan Graves; and Sergeant Joshua Hilado by and through their counsel of record, and hereby file this joint report in pursuant of this court Initial Conference Order (ECF 4).

**1. State when the parties conferred as required by Rule 26(f), and identify the counsel who conferred.**

- On August 21, 2025, Defendants' counsel Adam Anderson and Plaintiff's counsel Luis Baez conferred by phone to discuss their respective views of the case.

**2. List the cases related to this one that are pending in any state or federal court with the case number and court.**

- Parties state there are no other related cases pending in state or federal court with this case number and court.

**3. Briefly describe what the case is about.**

- On Friday, June 30th, 2023, officers arrested Reilly Ramsey for public intoxication. Reilly filed this lawsuit against Defendants for violating her constitutional rights under the 1st, 4th, and 14th Amendments to the United States Constitution to be free from unreasonable seizure, by way of excessive force. Defendants deny any wrongdoing and allege the amount of force used was reasonable considering the circumstances.

**4. Specify the allegation of federal jurisdiction.**

- The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343 since Plaintiff is suing for relief under 42 U.S.C. § 1983.

**5. Name the parties who disagree and the reasons.**

- None.

**6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

- Parties state there are no other potential interventions.

**7. List anticipated interventions.**

- None.

**8. Describe class-action issues.**

- None.

**9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

- Initial disclosures will be exchanged within 21 days of filing of this Joint Report.

**10. Describe the proposed agreed discovery plan, including:**

    **A. Responses to all the matters raised in Rule 26(f).**

- All discovery of electronically stored information should be in PDF, if possible, text searchable, if possible, and without metadata, unless metadata is specifically justified, requested, and necessary to comply with the request.

**B. When and to whom the plaintiff anticipates it may send interrogatories.**

- Plaintiff anticipates sending interrogatories to Defendants.

**C. When and to whom the defendant anticipates it may send interrogatories.**

- Defendant anticipates sending interrogatories to Plaintiff.

**D. Of whom and by when the plaintiff anticipates taking oral depositions.**

- Plaintiff anticipates taking the oral depositions of Defendants Deputy Joseph O'Neil; Deputy Justin Pierce; Deputy Ryan Graves; and Sergeant Joshua Hilado.

**E. Of whom and by when the defendant anticipates taking oral depositions.**

- Defendant anticipates taking the oral deposition of the Plaintiff.

**F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

- Plaintiff: March 6th, 2026
- Defendant: April 6th, 2026

**G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

- Experts that are designated in this case prior to the discovery deadline.

**H. H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

- Experts that are designated in this case prior to the discovery deadline.

**11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

- Plaintiff and Defendants are agreed on the discovery plan.

**12. Specify the discovery beyond initial disclosures that has been undertaken to date.**

- None.

**13. State the date the planned discovery can be reasonably completed.**

- May 8th, 2026.

**14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

- Plaintiff indicated he would give Defendant a reasonable amount of damages which his client is seeking on September 12th, 2025, Defendant will take this proposal to his client for consideration.

**15. Describe what each party has done or agreed to do to bring about a prompt resolution.**

- Parties will exchange disclosures and cooperate during discovery, and Plaintiff will provide Defendants with a reasonable amount of damages which his client is seeking on September 12th, 2025.

**16. From the attorneys discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

Parties generally agree to mediate the claims after substantial discovery has occurred.

**17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

- The Parties agree to trial before a magistrate.

**18. State whether a jury demand has been made and if was made on time.**

- The Parties have both timely requested a jury demand.

**19. Specify the number of hours it will take to present the evidence in this case.**

- Parties anticipate 3 day (24 hours) to present this case.

**20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

- None.

**21. List other motions pending.**

- None.

**22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

- None.

**23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.**

- Defendants filed their certificate of interested parties on July 28, 2025 and August 22, 2025.
- Plaintiff filed her certificate of interested parties on August 22, 2025.

**24. List the names, bar numbers, addresses and telephone numbers of all counsel.**

Luis Baez
State Bar No. 24086192
Fed. Bar. No. 2582426
HOUSTON CRIMINAL DEFENSE ATTORNEYS, PLLC
310 Main St., Ste. 201
Houston, TX 77002
Phone: 713-304-9166

**COUNSEL FOR PLAINTIFF**

Adam Anderson
Texas Bar. No. 24090780
Fed. Bar No. 2914958

B. D. GRIFFIN
MONTGOMERY COUNTY ATTORNEY
501 N. Thompson, Suite 300
Conroe, Texas 77301
Phone:     (936) 539-7828
Facsimile: (936) 760-6920

**COUNSEL FOR DEFENDANTS**

Respectfully submitted,

B. D. GRIFFIN
MONTGOMERY COUNTY ATTORNEY
501 N. Thompson, Suite 300
Conroe, Texas 77301

>Phone:     (936) 539-7828
>Facsimile: (936) 760-6920
>
>By: /s/ Adam Anderson
>Adam Anderson
>Assistant County Attorney
>State Bar No. 24090780
>Federal ID No. 2914958
>Email: adam.anderson@mctx.org
>ATTORNEY FOR DEFENDANTS,

## CERTIFICATE OF SERVICE

I certify that on the 22th of August, 2025, a true and correct copy of the foregoing document was delivered by electronic notice to all counsel of record who have appeared via the Court's CM/ECF system.

Luis Baez
HOUSTON CRIMINAL DEFENSE
ATTORNEYS, PLLC
310 Main St., Ste. 201
Houston, TX 77002
luisb@houstoncriminaldefenseattorneyspllc.com
*Counsel for Plaintiff*

>/s/ Adam Anderson