IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **REILLY TYLER RAMSEY** § | |
| § | |
| *Plaintiff,* § | |
| § | CIVIL ACTION NO. 4:25-cv-3019 |
| vs. § | |
| § | |
| **MONTGOMERY COUNTY, TEXAS,** § | |
| **DEPUTY JOSEPH O'NEILL; DEPUTY** § | |
| **JUSTIN PIERCE; DEPUTY RYAN** § | |
| **GRAVES; AND SERGEANT JOSHUA** § | |
| **HILADO** § | |
| *Defendants.* § | |

## DEFENDANT JUSTIN PIERCE'S ANSWER

TO THE HONORABLE JUDGE DAVID HITTNER:

Justin Pierce, Defendant, respectfully submits his answer to Plaintiff's Complaint as follows:

**1.   PARTIES**

1. Cannot admit or deny.

2. Admit Joseph O'Neill is a peace officer employed by Montgomery County, Texas. Deny remainder.

3. Admit Justin Pierce is a peace officer employed by Montgomery County, Texas. Deny remainder.

4. Admit Ryan Graves is a peace officer employed by Montgomery County, Texas. Deny remainder.

5. Admit Joshua Hilado is a peace officer employed by Montgomery County, Texas. Deny remainder.

6. Admit that Montgomery County, Texas is a governmental unit of the State of Texas. Deny remainder.

2. **JURISDICTION AND VENUE**

7. Admit.

8. Admit.

9. Admit this Court has jurisdiction. Deny remainder.

10. Admit.

11. Cannot admit or deny.

3. **BACKGROUND AND FACTS APPLICABLE TO ALL COUNTS**

12. No facts to admit or deny.

13. Cannot admit or deny.

14. Admit that Defendant Officers were employed by Montgomery County and acting under color of law. Deny remainder.

15. Admit the general principle that Defendant Officers were working together in a legal and proper manner. Deny remainder.

16. Deny.

17. Deny.

18. Admit.

19. Admit that Deputy O'Neill was approached by Connor Koy, who advised that Plaintiff had attempted to grab the steering wheel from him multiple times, which caused him to nearly crash. Koy stated Plaintiff was possibly suicidal and had made statements about wanting to kill herself. Deny the remainder.

20. Admit that the doors were locked and that Deputy O'Neill ordered Plaintiff to unlock

the doors. Deny the remainder.

21. Admit that Deputy O'Neill told Plaintiff he did not want to have to break the window and Plaintiff was advised that if she refused to comply with the orders, and the window had to be broken, she would be placed under arrest. Deny remainder.

22. Admit that the window on the driver side door was broken in order for Deputies to unlock the vehicle and once the doors were unlocked, Defendant Officers were able to open the passenger's side door.

23. Admit an officer unbuckled Plaintiff's seatbelt, admit an officer used a knee to assist in handcuffing Plaintiff, admit the statement, and deny the remainder.

24. Admit that the report listed Plaintiff's scraped chin as an injury, cannot admit or deny the remainder at this time. Cannot admit or deny the authenticity of the photos imbedded in the complaint.

25. Deny and aver Plaintiff was charged because of her actions, not because of the arrest. Admit the remainder.

26. Deny.

4. **CLAIMS / CAUSES OF ACTION/ COUNTS – APPLICABLE TO COUNTS HEREIN**

27. No facts to admit or deny.

28. No facts to admit or deny.

29. No facts to admit or deny.

30. Deny.

31. Admit generally.

32. Admit that Defendant Officers were on duty, in uniform, were using departmental

issued and approved equipment. Deny remainder.

33. Deny.

34. Deny.

35. Deny.

36. Deny.

37. Deny.

38. Deny.

39. Deny.

40. Deny.

41. No facts to admit or deny.

5. **CAUSES OF ACTION – COUNT 1:42 U.S.C 1983 EXCESSIVE FORCE**

42. No facts to admit or deny.

43. Deny.

44. Deny.

45. Deny.

46. Deny.

47. Admit A-C. Deny D.

48. Deny.

49. Deny.

50. No facts to admit or deny.

51. Deny.

6. **CAUSES OF ACTION – COUNT 4:42 U.S.C. 1983 FAILURE TO TRAIN, SUPERVISE, AND DISCIPLINE**

52. No facts to admit or deny.

53. Deny.

54. Admit generally the duties identified. Deny the remainder.

55. Deny.

56. Deny.

57. Deny.

58. Deny.

59. Deny.

60. Deny.

61. Deny.

62. Deny.

63. Deny.

64. Deny.

65. Deny.

66. Deny.

67. Deny.

68. No facts to admit or deny.

7. **CAUSES OF ACTION – COUNT 5:42 U.S.C. 1983 VIOLATION OF DUE PROCESS**

69. No facts to admit or deny.

70. Admit generally Plaintiff has constitutional rights; deny that any such rights were violated.

71. Deny.

72. Deny.

73. Deny.

74. Deny.

75. Deny.

76. Deny.

77. Deny.

78. Deny.

79. Deny.

80. Deny.

81. Deny.

82. Deny.

83. Deny.

84. No facts to admit or deny.

## 8. JURY DEMAND

85. Defendant demands trial by jury.

## 9. DAMAGES

86. Deny Plaintiff is entitled to any damages.

## 10. ATTORNEY'S FEES

94. Deny Plaintiff is entitled to any attorney's fees.

## 11. PRAYER FOR RELIEF

95. No facts to admit or deny.

**AFFIRMATIVE DEFENSE**

97. Defendant is entitled to qualified immunity from this suit. At all relevant times, Defendant was a government official performing discretionary functions, and did not violate any clearly established constitutional or statutory right of Plaintiff, which a reasonable person would have known.

98. To the extent Plaintiff suffered any injuries during her arrest, such injuries were directly and proximately caused by the conduct of Plaintiff and not the Defendant.

## PRAYER

Defendant prays this Court enter a take nothing judgment, and award costs and attorney's fees to Defendant; and for all other relief to which they may be entitled whether in law or equity.

Respectfully submitted,

B. D. GRIFFIN
MONTGOMERY COUNTY ATTORNEY
501 N. Thompson, Suite 300
Conroe, Texas 77301
Phone:     (936) 539-7828
Facsimile: (936) 760-6920

By: /s/ Adam Anderson
Adam Anderson
Assistant County Attorney
State Bar No. 24090780
Federal ID No. 2914958
Email: adam.anderson@mctx.org
ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify that on the 2nd of September, 2025, a true and correct copy of the foregoing document was delivered by electronic notice to all counsel of record who have appeared via the Court's CM/ECF system.

Luis Baez
HOUSTON CRIMINAL DEFENSE
ATTORNEYS, PLLC
310 Main St., Ste. 201
Houston, TX 77002
luisb@houstoncriminaldefenseattorneyspllc.com
*Counsel for Plaintiff*

                                                                      /s/ Adam Anderson