IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **REILLY TYLER RAMSEY** § <br> § <br> *Plaintiff,* § <br> § <br> vs. § <br> § <br> **MONTGOMERY COUNTY, TEXAS,** § <br> **DEPUTY JOSEPH O'NEIL; DEPUTY** § <br> **JUSTIN PIERCE; DEPUTY RYAN** § <br> **GRAVES; AND SERGEANT JOSHUA** § <br> **HILADO** § <br> *Defendants.* § | **CIVIL ACTION NO. 4:25-cv-3019** |

MONTGOMERY COUNTY DEFENDANTS'
JOINT MOTION TO DISMISS

TO THE HONORABLE JUDGE RICHARD W. BENNETT:

Defendants Ryan Graves and Joshua Hilado ("Defendants") file their *Joint Motion to Dismiss for insufficient service of process*, in *lieu* of filing an answer.

### TABLE OF CONTENTS

**ISSUE PRESENTED** ................................................................................................... 2

*Rule 12(b)(5) Legal Standard* ................................................................................... 2

*Argument:* ................................................................................................................ 3

**Issue 1:**   Plaintiff's failure to serve Defendants within 90 days of filing the complaint renders service insufficient under Rule 4(m) of the Federal Rules of Civil Procedure requiring this case to be dismissed without prejudice. ...................................................... 3

**CONCLUSION** ............................................................................................................. 4

**PRAYER** ....................................................................................................................... 4

**CERTIFICATE OF SERVICE** ....................................................................................... 5

## ISSUE PRESENTED

**Issue 1:** Whether Plaintiff's failure to serve Defendants within 90 days of the complaint being filed renders service insufficient under Rule 4(m) of the Federal Rules of Civil Procedure requiring this case to be dismissed without prejudice.

### *Rule 12(b)(5) Legal Standard:*

A Rule 12(b)(5) motion allows a party to file a motion to dismiss for "insufficient service of process." Fed. R. Civ. P. 12(b)(5). Under Rule 12(b)(5), a district court has "broad discretion to dismiss an action for ineffective service of process." *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir.1994). "When service of process is challenged, the serving party bears the burden of proving its validity or good cause' for failing properly to effect service." *Shabazz v. City of Houston*, 515 F. App'x 263, 264 (5th Cir.2013) (quoting *Sys. Signs Supplies v. U.S. Dep't of Just.*, 903 F.2d 1011, 1013 (5th Cir.1990) (per curiam)).

For service to be effective, a plaintiff must comply with the mandates of Federal Rule of Civil Procedure 4(m). Federal Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Failure of a Plaintiff to comply with Rule 4(m) requires dismissal unless Plaintiff can show good cause for the failure. *Lewis v. Sec'y of Pub. Safety & Corr.*, 870 F.3d 365, 369 (5th Cir.2017).

*Argument:*

**Issue 1:** Plaintiff's failure to serve Defendants within 90 days of filing the complaint renders service insufficient under Rule 4(m) of the Federal Rules of Civil Procedure requiring this case to be dismissed without prejudice.

*Facts*

1. Plaintiff filed her complain on June 29, 2025. *Doc. 1*.

2. Plaintiff filed a motion with the Court requesting substitute service for Defendants on September 29, 2025. *Doc. 22*.

3. The Court granted Plaintiff's request for substitute service on September 30, 2025. *Doc. 23*.

4. Plaintiff filed affidavits stating that service was made by posting on Defendants last place of abode on October 7, 2025, and by mailing by certified mail on October 7, 2024[1]. *Docs. 24 and 25*.

Rule 4(m) requires that a defendant be served within 90 days of the complaint being filed. Fed. R. Civ. P. 4(m). Here, service was required to have been made by September 27th, 2025, which was the 90th day after the complaint was filed. Plaintiff's two affidavits alleged that service was made on Defendants on October 7, 2025, which is ten days after the 90th day from the filing of the complaint. *Docs. 24 and 25*. As Plaintiff's filings make

---

[1] This date appears to be an error as the case was not filed until June 29, 2025. However, even assuming the date of October 7, 2025,

clear that she failed to serve Defendants timely, this case must be dismissed. *Lewis v. Sec'y of Pub. Safety & Corr.*, 870 F.3d 365, 369 (5th Cir.2017). (Rule 4(m) requires dismissal if a defendant is not served within 90 days, unless the plaintiff shows good cause for the failure).

## CONCLUSION

As Plaintiff failed to serve Defendants within 90 days of filing the complaint, this Court should dismiss this case as required by Rule 4(m) of the Federal Rules of Civil Procedure.

## PRAYER

The Defendants pray this Court dismiss this case against Defendants. The Defendants pray for all other relief to which they may be entitled.

Respectfully submitted,

B. D. GRIFFIN
MONTGOMERY COUNTY ATTORNEY
501 N. Thompson, Suite 300

Conroe, Texas 77301

Phone:    (936) 539-7828
Facsimile: (936) 760-6920

By: /s/ Adam Anderson
Adam Anderson
Assistant County Attorney
State Bar No. 24090780
Federal ID No. 2914958
Email: adam.anderson@mctx.org

ATTORNEY FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

I certify that on the 21st of October, 2025, a true and correct copy of the foregoing document was delivered by electronic notice to all counsel of record who have appeared via the Court's CM/ECF system.

Luis Baez
HOUSTON CRIMINAL DEFENSE ATTORNEYS, PLLC
310 Main St., Ste. 201
Houston, TX 77002
luisb@houstoncriminaldefenseattorneyspllc.com
*Counsel for Plaintiff*

/s/ Adam Anderson