IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **REILLY TYLER RAMSEY** § | |
| § | |
| *Plaintiff,* § | |
| § CIVIL ACTION NO. 4:25-cv-3019 | |
| vs. § | |
| § | |
| **MONTGOMERY COUNTY, TEXAS,** § | |
| **DEPUTY JOSEPH O'NEIL; DEPUTY** § | |
| **JUSTIN PIERCE; DEPUTY RYAN** § | |
| **GRAVES; AND SERGEANT JOSHUA** § | |
| **HILADO** § | |
| *Defendants.* § | |

## DEFENDANTS MOTION TO COMPEL DISCOVERY

TO THE HONORABLE JUDGE DAVID HITTNER:

Defendants' move to compel Plaintiff to serve complete responses and produce documents to Defendants' first set of Interrogatories and First Requests for Production and for related relief and shows as follows:

### I.   Introduction and Certification of Conference

Counsel conferred by telephone on December 11, 2025, regarding Plaintiff's failure to respond to written discovery, but the parties were unable to resolve the dispute. Plaintiff's counsel indicated difficulty contacting his client, does not know if or when responses will be served, and opposes this motion.

## II. Relevant Background

1) Defendants served its first set of Interrogatories and First Requests for Production on October 15, 2025. *Ex. A*. Plaintiff's responses were due November 14, 2025. Plaintiff requested, and Defendants' granted, a two-week extension to November 28, 2025. Plaintiff has failed to serve any responses or produce any documents by the extended deadline.
2) As of the date of filing, Plaintiff has wholly failed to respond to the properly served interrogatories and requests for production.

## III. Legal Standard

A party may move for an order compelling discovery when an opposing party fails to respond to properly served interrogatories or requests for production. Under Federal Rule of Civil Procedure 37(a)(3)(B), a party seeking discovery may move for an order compelling answers if "a party fails to answer an interrogatory submitted under Rule 33" and may move to compel production if "a party fails to produce documents, electronically stored information, or tangible things, or fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv).

Interrogatories are governed by Rule 33, which requires the responding party to answer each interrogatory separately and fully under oath within 30 days after being served, unless a different time is stipulated or ordered by the Court. Fed. R. Civ. P. 33(b)(2)-(3). Any ground for objecting to an interrogatory must be stated with specificity, and any untimely objections are waived. Fed. R. Civ. P. 33(b)(4).

Requests for production are governed by Rule 34, which requires a written response within 30 days stating, for each item or category, that inspection and related activities will be permitted as requested or stating with specificity the grounds for objecting. Fed. R. Civ. P. 34(b)(2)(A)-(B).

### IV. Argument

Plaintiff's failure to serve any responses by the agreed extended deadline violates Rules 33 and 34 and authorize this Court to issue an order compelling complete responses under Rule 37(a). Because Plaintiff served no responses or objections by the extended deadline, any objections other than privilege and work product are waived, and the Court should compel responses without objection.

Defendants have satisfied their duty to confer prior to filing this motion.

Under Rule 37(a)(5)(A), if the motion is granted or if the requested discovery is provided after the motion was filed, the Court must require the non-moving party

or attorney to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees, unless an exception applies; Defendants request an award of $450.00

## V. Requested Relief

Defendants' respectfully requests that the Court:

(a) compel Plaintiff to serve complete answers to Defendants' first set of Interrogatories, without objections other than properly supported privilege, within seven (7) days of the order;

(b) compel Plaintiff to produce all documents responsive to Defendants' First Requests for Production, together with a privilege log for any withheld materials, within seven (7) days of the order;

(c) order that any objections other than privilege and work product are deemed waived due to the failure to timely respond;

(d) award reasonable expenses and attorney's fees against Plaintiff in the amount of $450.00.

(e) award such other and further relief as the Court deems just and proper.

Respectfully submitted,

B. D. GRIFFIN
MONTGOMERY COUNTY ATTORNEY
501 N. Thompson, Suite 300

Conroe, Texas 77301

Phone: (936) 539-7828

Facsimile: (936) 760-6920

By: /s/ Adam Anderson
Adam Anderson
Assistant County Attorney
State Bar No. 24090780
Federal ID No. 2914958
Email: adam.anderson@mctx.org
ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF CONFERENCE

On December 11, 2025, I conferred by telephone with Plaintiff's counsel, Luis Baez, regarding the overdue discovery responses. Mr. Baez stated he was having difficulty contacting his client and did not know if or when responses would be served. He stated he is opposed to this motion. This motion is therefore opposed and is submitted with this Certificate of Conference in compliance with Local Rule 7.1(D).

## CERTIFICATE OF SERVICE

I certify that on the 12th day of December 2025, a true and correct copy of the foregoing document was delivered by electronic notice to all counsel of record who have appeared via the Court's CM/ECF system.

Luis Baez
HOUSTON CRIMINAL DEFENSE
ATTORNEYS, PLLC
310 Main St., Ste. 201
Houston, TX 77002
luisb@houstoncriminaldefenseattorneyspllc.com
*Counsel for Plaintiff*

/s/ Adam Anderson