IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **REILLY TYLER RAMSEY** § § *Plaintiff,* § § vs. § § **MONTGOMERY COUNTY, TEXAS, DEPUTY JOSEPH O'NEIL; DEPUTY JUSTIN PIERCE; DEPUTY RYAN GRAVES; AND SERGEANT JOSHUA HILADO** § § § § § § § *Defendants.* § | CIVIL ACTION NO. 4:25-cv-3019 |

## DEFENDANTS' DISCOVERY REQUESTS TO PLAINTIFF

**To:** Reilly Tyler Ramsey, by and through her attorneys of record: Luis Baez, Houston Criminal Defense Attorneys, PLLC, 310 Main St., Ste. 201, Houston, Texas 77002.

The following items are served on you Plaintiff, Reilly Tyler Ramsey:

1. Requests for Production

2. Interrogatories

You must responds within 30 days as required by the Rules of Civil Procedure. In addition, if any of your responses change, or you obtain additional information that is responsive to these request between now and the time of trial, you must timely supplement your responses with that information.

Respectfully submitted,

B. D. GRIFFIN
MONTGOMERY COUNTY ATTORNEY
501 N. Thompson, Suite 300
Conroe, Texas 77301
Phone:     (936) 539-7828
Facsimile: (936) 760-6920

By: /s/ Adam Anderson
Adam Anderson
Assistant County Attorney
State Bar No. 24090780

Federal ID No. 2914958  
Email: adam.anderson@mctx.org  
ATTORNEY FOR DEFENDANTS'

## CERTIFICATE OF SERVICE

I certify that on the 15th of October, 2025, a true and correct copy of the foregoing document was delivered by electronic notice to all counsel of record who have appeared via the Court's CM/ECF system.

Luis Baez  
HOUSTON CRIMINAL DEFENSE  
ATTORNEYS, PLLC  
310 Main St., Ste. 201  
Houston, Texas 77002  
luisb@houstoncriminaldefenseattorneyspllc.com  
*Counsel for Plaintiff*

/s/ Adam Anderson

## DEFINITIONS AND INSTRUCTIONS

The following terms have the following meanings, unless the context requires otherwise:

1. <u>Person</u>. The terms "person" means any natural person, any business, a legal or governmental entity, or an association.

2. <u>Document</u>. The term "document" means a recording of information in any format, including, paper, electronic, or picture. It includes computer records in any format. A draft or non-identical copy is a separate document within the meaning of this term. The term "document" also includes "any tangible things."

3. <u>Communicate</u>. The term "communicate" means the transmittal of information in the form of facts, ideas, inquiries, or otherwise.

4. <u>Identify a person</u>. When referring to a person, "identify" means to provide, to the extent known, the person's full name, present or last known address, and telephone number, and when referring to a natural person, additionally, the present or last known place of employment.

5. <u>Identify a document</u>. When referring to a document, "identify" means to give, to the extent known, the following information: (1) the type of document; (b) the general subject matter; (c) the date of the document; (d) the authors, addressees, and recipients; (e) the location of the document; and (f) whether the document has been destroyed, and if so (i) the date of its destruction; (ii) the identity of the person who destroyed it.

6. <u>Relating</u>. The term "relating" means concerning, referring, describing, evidencing or constituting, directly or indirectly.

7. <u>Health care provider</u>" means any person, partnership, professional association, corporation, facility, or institution duly licensed, certified, registered, or chartered by the

       State of Texas to provide health care, including: a registered nurse; a dentist; a podiatrist; a pharmacist; a chiropractor; an optometrist's; health care institution; or a health care collaborative certified under Chapter 848, Insurance Code.

8. <u>Defendant</u>. The term "Defendant" means Montgomery County, Texas.

9. <u>Plaintiffs.</u>  The term "Plaintiff" or "Plaintiffs" means Reilly Tyler Ramsey.  If the question is only applicable to one, then the terms mean Reilly Tyler Ramsey.

**DEFENDANTS' FIRST REQUESTS FOR PRODUCTION TO PLAINTIFF**

**REQUEST FOR PRODUCTION NO.1:**
All photographs and/or videos depicting the scene, vehicles, injuries, or related in any way to Plaintiff's cause of action that are in the possession, constructive possession, custody or control of Plaintiff, Plaintiff's attorney or anyone acting on Plaintiff's behalf.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO 2**:
All photographs and videos (other than those responsive to RFP 1) taken of Plaintiff on the day of the incident, which are in the possession, constructive possession, custody or control of Plaintiff, Plaintiff's attorney or anyone acting on Plaintiff's behalf.

**RESPONSE:**

**REQUEST FOR PRODUCITON NO 3:**
All written statements, related to this case, made by the Plaintiff in the possession, constructive possession, custody or control of Plaintiff, Plaintiff's attorney or anyone acting on Plaintiff's behalf. You may excluded statements subject to attorney client privilege.

**RESPONSE:**

**REQUEST FOR PRODUCITON NO 4:**
All oral statements, related to this case, made by Plaintiff which were either recorded or taped on an electronic device or records which are in the possession, constructive possession, custody or control of Plaintiff, Plaintiff's attorney or anyone acting on Plaintiff's behalf. You may excluded statements subject to attorney client privilege.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO 5**:
Copies of any and all books, documents or other tangible things which will be introduced at trial, or may be used as demonstrative evidence at trial.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO 6:**
All written statements, related to this suit, made by the Defendant or its employee or representative in the possession, constructive possession, custody or control of Plaintiff, Plaintiff's attorney or anyone acting on Plaintiff's behalf.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO 7:**
All oral statements, related to this case, made by Defendant or its employee or representative,

which were either recorded or taped on an electronic device or records which are in the possession, constructive possession, custody or control of Plaintiff, Plaintiff's attorney or anyone acting on Plaintiff's behalf.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO 8:**
Any and all copies of investigation documentation, reports and/or memoranda made by or submitted to Plaintiff, Plaintiff's attorney or anyone acting on Plaintiff's behalf as a result of the incident which has been made the basis of Plaintiff's lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO 9:**
Please provide copies of receipts indicating payment to any health (including mental health) professional Plaintiff has been to, seen by, or been treated by for any reason related to your injuries or damages in this case.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO 10:**
All documents (including but not limited to: emails, social media posts, notes, diaries, or journals) created or kept by Plaintiff that reflect or memorialize any of the incidents alleged in this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO 11:**
Produce all documents used to calculate damages in this case.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO 12:**
A copy of all medical records, doctor or hospital records, reports or medical documents of any kind (other than those already produced) containing information concerning Plaintiffs' medical, mental or physical condition which Plaintiffs allege Plaintiffs have received as a result of any alleged injuries Plaintiff claims to have sustained due to the incident that forms the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO 13:**
A copy of all medical records, doctor or hospital records, reports or medical documents of any kind (other than those already produced) containing information concerning your medical, mental or physical condition from June 30, 2015, through the date of trial.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO 14:**
All photographs of Plaintiff that depict any and all injuries she alleges she sustained as a result of the incident that forms the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO 15**:
A copy of all medical liens for any provider seen as a result of any alleged injuries Plaintiffs claim to have sustained due to the incident that forms the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO 16:**
A copy of all applications for Medicaid for Plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO 17:**
A copy of all medical insurance policies that provided coverage for Plaintiff from June 1, 2015 through the date of trial. .

**RESPONSE:**

**REQUEST FOR PRODUCTION NO 18:**
Provide a copy Plaintiff's pay stubs from June 2023 through the date of trial.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO 19:**
Provide an executed copy of the attached HIPAA Authorization for Release of Protected Health Information for all medical providers Plaintiff has seen, been to, been treated by, or been evaluated by from June 30, 2015 – present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO 20:**
A copy of all documents filed with any school, state, county, city, federal or governmental agency, institution or department containing information, related to this case (including but not limited to disability reports and police reports), about Plaintiff which are in the possession, constructive possession, custody or control of Plaintiff, Plaintiff's attorney or anyone acting on Plaintiff's behalf.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO 21:**
Produce all dental records, including x-rays, treatment notes, and billing statements, from any dental care provider you have visited in the past ten years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO 22:**
Produce all documents reflecting dental procedures performed on you, including consent forms, prescriptions, and post-treatment instructions.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO 23:**
Produce all medical records and bills reflecting treatment for injuries or conditions you claim to have suffered as a result of the incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO 24:**
Produce all documents, including pay stubs, tax returns, or employment contracts, that reflect changes in your employment status, income, or job responsibilities as a result of the incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO 25:**
Produce all documents, including therapy notes or evaluations that reflect treatment for emotional or psychological conditions you claim to have suffered as a result of the incident.

**RESPONSE:**

> **REQUEST FOR PRODUCTION 26:** Provide all documents reflecting the dates of admission and discharge, diagnoses, and treatments received at any hospital or mental health facility from June 1, 2015 through the date of trial.

**RESPONSE:**

### DEFENDANTS' INTERROGATORIES TO PLAINTIFF

1. Identify and provide the occupation of each and every person answering and/or contributing information to answer these interrogatories.

**ANSWER**:

2. Identify all medical providers that you consulted with, was evaluated by, or who treated

Plaintiff as a result of or related to this litigation or that incident that forms the basis of this litigation, including the name, address, and dates of treatment.

**ANSWER**:

3. For all photographs and videos produced in response to a Request for Production, state the date of the photograph was taken and the name of the person taking the photo along with sufficient detail *(e.g.,* a bates number) that the photograph being referred to may be identified with certainty.

**ANSWER**:

4. Has Plaintiffs, their agents, investigators or attorneys or anyone acting on their behalf obtained a written or recorded statement of any kind, report or memorandum, whether recorded stenographically transcribed, oral or otherwise, related to this litigation or that incident that forms the basis of this litigation, from any person. If so, please identify the individual from whom the statement was taken and the date the statement was taken.

**ANSWER**:

5. For each medical provider (whether a specific doctor or a facility) that you allege you have seen, been to, been treated by, or been evaluated by as a result of the incident that forms the basis of this suit, identify the person or entity that referred or recommended you to that provider.

**ANSWER**:

6. Identify all health care providers that Plaintiff consulted with, was evaluated by, or who treated Plaintiff between June 30, 2015 through the date of trial.

**ANSWER**:

7. Identify all health care medical insurance providers that Plaintiff was covered by between June 30, 2015 through the date of trial. Include the name of insurance company, policy number, group number and contact information for said insurance providers.

**ANSWER**:

8. Identify all medical liens that are currently outstanding due to the incident that forms the basis for this suit. Include the name, address, account number and contact information for each.

**ANSWER**:

9. List all incidents where Plaintiff has been arrested or detained by law enforcement since June 1, 2015 to date of trial, including the date, location and any injuries you suffered as a

result of the incident.

**ANSWER**:

10. Has Plaintiff, or anyone on her behalf, ever filed a disability claim with any governmental agency or entity? If so, please state the case number, who claim was filed with, when claim occurred and how claim occurred.

**ANSWER:**

11. For each person, other than Plaintiffs' attorney(s), that Plaintiffs have discussed this case with, state the person(s)'s name, address, telephone number, approximate date of the conversation, and to the best of your ability describe what was said.

**ANSWER:**

12. State the net and gross amount of income (including but not limited to: work, employment, government assistance, and charitable contributions) you have earned in each month, quarter, or year (however you prepare, calculate, or report your earnings) for the time period of June 30, 2023 through the date of trial, and identify each source of income.

**ANSWER**:

13. Describe any social, athletic, educations, religious or other activity in which you engaged in during which you now claim has been affected by the incident that forms the basis of this suit and state: The nature of each activity; The location of the place or places where each activity was undertaken; The length of time and frequency in which you had engaged in such activity for the year prior to the incident that forms the basis of this suit; and The length of time and frequency in which you have engaged in such activity since the date of the incident that forms the basis of this suit through the date of trial.

**ANSWER**:

14. On the day of the incident that forms the basis of this lawsuit, immediately prior to the incident, explain in your words what you believed Texas law required you to do in response to the Sheriff's Deputies instructing you to exit the vehicle.

**ANSWER**:

15. Identify all dental care providers you have consulted or received treatment from in the past ten years, including the name, address, and dates of treatment.

**ANSWER**:

16. Describe any dental procedures you have undergone, including the nature of the

procedure, the date, and the name of the dental care provider.

**ANSWER**:

17. State whether the incident has affected your ability to work, including any changes in employment status, income, or job responsibilities, and provide details of such changes.

**ANSWER**:

18. Describe in detail any emotional or psychological conditions you have experienced as a result of the incident, including any diagnoses, symptoms, and treatments received.

**ANSWER**:

19. State whether you have received treatment or evaluation for any mental health condition within the last 10 years, and if so, provide the name of the treating physician or facility, the dates of treatment, and the nature of the condition treated

**ANSWER**:

## **VERIFICATION**

**STATE OF TEXAS**                §
                                  §

BEFORE ME, the undersigned authority, personally appeared PLAINTIFF, _____ who stated, upon oath, that the statements made in the foregoing instrument are within their personal knowledge and are true and correct.

SWORN TO AND SUBSCRIBED before me, the undersigned authority, on the _____ day of _____, 2025.

_____
Notary Public in and for
the State of Texas

My Commission Expires:_____